# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>Plaintiff,<br>vs.<br><br>BROOKS BURGESS JOHNSON,<br><br>Defendant. | Case No.: 2:25-cv-13466-RMG<br><br>**PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT** |

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, Plaintiff, Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill"), by its undersigned attorneys, respectfully petitions this Court to confirm the arbitration award of a duly appointed securities industry arbitrator and for entry of judgment. In support thereof, Merrill avers as follows:

## THE PARTIES

1. Merrill is a Delaware corporation with a principal place of business in New York, New York. Merrill maintains numerous branch offices in South Carolina, including an office located at 200 Meeting Street, Suite 11, Charleston, South Carolina 29401 (the "Charleston Meeting office").

2. Upon information and belief, Defendant Brooks Burgess Johnson ("Johnson") is an individual person and a citizen of the State of South Carolina and resides at 3 Barnacle Row, Isle of Palms, South Carolina 29451.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over the present dispute pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties because Johnson is a citizen of the State of South Carolina and Merrill is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of New York.

4. This dispute involves a petition to confirm an arbitration award and this petition may be made to this Court pursuant to 9 U.S.C. § 9 because the parties did not specify a court in their arbitration agreement.

5. The United States District Court for the District of South Carolina is the proper venue for this petition because the cause of action accrued in Charleston, South Carolina, where Merrill had employed Johnson, and this is the District within which Johnson resides.

## FACTUAL BACKGROUND

**I.    Johnson's Employment with Merrill**

6. Merrill is a national securities brokerage firm and a member firm of the Financial Industry Regulatory Authority ("FINRA").

7. Johnson was a registered representative of FINRA.

8. Johnson joined Merrill as a Financial Advisor on or about February 2, 2010, and worked in Merrill's Charleston Meeting office until he voluntarily resigned on November 25, 2019 to work for a competitor firm.

**II.    Johnson's Promissory Note With Merrill**

9. On or about February 2, 2010, when Johnson began his employment with Merrill, he received a loan in the amount of $3,624,432.00 from Merrill. This loan was secured by the

Promissory Note (the "Promissory Note").  *See* Affidavit of Maria V. Martin, Esq. ("Affidavit") at **Exhibit "A."**

10. By executing the Promissory Note, Johnson agreed to repay to Merrill the principal sum of $3,624,432.00, together with interest accruing at the annual rate of 2.95%, in monthly payments of $43,644.59 until paid in full.  *Id*. at ¶ 1.

11. The Promissory Note provides that "all outstanding principal and accrued but unpaid interest on this Note shall become due and immediately payable if (a) [Johnson's] employment with Merrill Lynch is terminated for any reason . . . ."  *Id.* at ¶ 2.

### III.     Modification of Johnson's Promissory Note

12. On February 26, 2015, Johnson and Merrill entered into a Promissory Note Modification Agreement (the "Modification Agreement") regarding the loan.  *See* Affidavit at **Exhibit "B."**

13. At the time that Johnson executed the Modification Agreement, the principal balance under his Promissory Note was $1,403,002.47 and he owed $32,072.00 in arrearages.  *Id.* at ¶ 1.

14. Under the terms of the Modification Agreement, Johnson extended the term of the loan from February 2018 to February 2023, with interest at an annual rate of 2.95%, which lowered Johnson's monthly payment.  *Id.*  As a result, Johnson's monthly payment was reduced to $16,424.77.  *Id.*

15. Under the terms of the Modification Agreement, Merrill had the right to demand payment of the outstanding balance on the Promissory Note if, among other reasons, "[Johnson's] employment with Merrill Lynch is terminated for any reason . . . ."  *Id.* at ¶ 2.

**IV.  Johnson's Resignation From Merrill and Failure to Pay His Promissory Note Debt**

16. Johnson voluntarily resigned from Merrill on November 25, 2019.

17. At the time of his voluntary resignation from Merrill, Johnson owed $587,941.70 under the Promissory Note and Modification Agreement, including $3,357.39 in arrearages.

18. Johnson failed to pay his debt ($587,941.70) even though the amount became immediately due and payable when he resigned from Merrill and despite Merrill's demands for repayment.

19. Ultimately, the parties entered into a settlement agreement and multiple amendments to the settlement agreement regarding Johnson's debt to Merrill (collectively referred to as the "settlement agreement"). Although Johnson made some payments under the terms of the settlement agreement, he ultimately breached the settlement agreement.

20. As a result of Johnson's breach of the settlement agreement, Merrill filed an arbitration action against Johnson in FINRA for breach of the settlement agreement.

**V.  Arbitration Award in Merrill's Favor**

21. On July 17, 2024, Merrill filed a Statement of Claim against Johnson with FINRA for the amount due and owing under the settlement agreement.

22. On September 16, 2024, Johnson appeared *pro se* and filed his Answer.

23. The parties each filed a Submission Agreement with FINRA in which they agreed "to abide by and perform any award(s) rendered pursuant to this Submission Agreement" and that "a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment." *See* Affidavit at **Exhibit "C."**

24. Following the parties' briefing on the dispute, Richard Zaifert, presiding as the duly appointed arbitrator, issued an award on February 13, 2025 in Merrill's favor and against Johnson. The Arbitration Award required Johnson to pay Merrill (a) $497,433.70 in compensatory damages, (b) interest on the foregoing amount at the rate of 2.95% per annum ($40.20/day) from July 15, 2024 until paid, (c) $19,713,30 in attorney's fees, and (d) $1,625 in costs and fees. *See* Affidavit at **Exhibit "D."**

25. In the letter dated February 13, 2025 accompanying the Arbitration Award, FINRA advised that Johnson had 30 days to pay the Arbitration Award. *See* Affidavit at **Exhibit "E."**

VI. **Johnson's Failure to Pay the Arbitration Award**

26. Johnson failed to pay the Arbitration Award within 30 days as required by FINRA.

27. Therefore, on March 18, 2025, FINRA advised Johnson that his registration with FINRA would be suspended for failure to pay the Arbitration Award unless he either paid the Arbitration Award or requested a hearing with the FINRA Office of Hearing Officers ("OHO") by April 8, 2025. *See* Affidavit at **Exhibit "F."**

28. As evidenced by Johnson's BrokerCheck Report, which is publicly available, Johnson submitted a hearing request to the OHO on March 31, 2025. *See* Affidavit at **Exhibit "G."**

29. On April 30, 2025, Johnson withdrew his hearing request with the OHO. Id. Because Johnson had still failed to pay the Arbitration Award, FINRA suspended Johnson's registration effective May 2, 2025. *Id.*

30. As of this date, Johnson has not paid the Arbitration Award, thus necessitating Merrill's Petition.

### VII. Merrill's Petition to Confirm the Arbitration Award and for Entry of Judgment

31. Pursuant to Johnson's Submission Agreement and Rule 13904(a) of the FINRA Code of Arbitration Procedure for Industry Disputes, a court of competent jurisdiction may enter an arbitration award as a judgment. *See* Affidavit at **Exhibits "C"** and "**H**."

32. Pursuant to 9 U.S.C. § 9, Merrill has brought this action within one year after the Arbitration Award was rendered on February 13, 2025.

33. The Arbitration Award has not been vacated pursuant to 9 U.S.C. § 10 or modified or corrected pursuant to 9 U.S.C. § 11.

34. The Arbitration Award is not enforceable until a court of competent jurisdiction issues an order confirming the Arbitration Award and enters a judgment in the amount due and owing.

### VIII. Merrill's Entitlement to Attorney's Fees and Costs in this Matter

35. Pursuant to the terms of the Promissory Note and Modification Agreement, Merrill is entitled to recover its attorney's fees and costs incurred in this confirmation proceeding and future collection proceedings. *See* Affidavit at **Exhibits "A"** and "**B**"; *see also Blumberg v. Nealco, Inc.*, 310 S.C. 492, 493, 427 S.E.2d 659, 660 (1993) (noting South Carolina follows the general rule that attorney's fees are recoverable when authorized by contract or statute); *Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*, 610 F. App'x 464, 468-69 (6th Cir. 2015) (stating that broad contractual language allowing attorneys' fees for actions "necessary to enforce the terms of this agreement" contemplated awarding attorneys' fees outside the scope of arbitration because additional litigation could be necessary to enforce the agreement.) (citation omitted).

36. Both the Promissory Note and Modification Agreement contain similarly broad language that contemplates the recovery of attorney's fees incurred in the enforcement of those agreements. Specifically, the Promissory Note provides, in relevant part:

> The undersigned agrees to pay all costs of collection, including reasonable attorney's fees incurred by the holder **in the enforcement of this Note**.

*See* Affidavit at **Exhibit "A"**, ¶4 (emphasis added).

37. The Modification Agreement provides, in relevant part:

> Where permitted by law, the undersigned shall reimburse the Lender for any and all damages, losses, costs, and expenses (including attorney's fees and court or arbitrator costs) incurred or sustained by the Lender as a result of the breach by the undersigned of any of the terms of this Note or **in connection with the enforcement of the terms of this Note**.

*See* Affidavit at **Exhibit "B"**, ¶4 (emphasis added).

## FIRST CAUSE OF ACTION
### (Confirmation of Arbitration Award pursuant to 9 U.S.C. § 9)

38. Merrill repeats and realleges Paragraphs 1 through 37 above as if fully set forth herein.

39. Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, a party to an Arbitration Award may apply for an Order confirming the Arbitration Award.

40. Merrill obtained the binding Arbitration Award against Johnson, which requires Johnson to pay Merrill damages, interest, attorney's fees, and costs.

41. Despite his clear obligation to pay Merrill, Johnson has not fulfilled his payment responsibilities pursuant to the Arbitration Award.

42. As a result, Merrill seeks an order confirming the Arbitration Award and entering judgment in favor of Merrill and against Johnson.

43. This Petition is being filed within one year of the entry of the Arbitration Award.

44. The Arbitration Award has not been vacated pursuant to 9 U.S.C. § 10 or modified or corrected pursuant to 9 U.S.C. § 11.

**WHEREFORE**, Merrill respectfully requests that this Court:

A. Issue an Order confirming the Arbitration Award;

B. Enter a judgment in favor of Merrill and against Johnson in the amounts of: (1) $497,433.70 in compensatory damages; (2) interest at the rate of 2.95% per annum ($40.20/day) from July 15, 2024 through and including the date that the judgment is entered; (3) $19,713,30 in attorney's fees; and (4) $1,625 in costs and fees, all of which is required by the Arbitration Award.

C. Award Merrill post-judgment interest pursuant to 28 U.S.C. § 1961 from the date that the judgment is entered until it is paid in full;

D. Attorney's fees and costs incurred as a result of this confirmation proceeding and future collection proceedings; and

E. Any other and further relief as the Court deems just and proper.

*[Signature block on the following page.]*

Respectfully submitted,

**WILLIAMS MULLEN**

By: *s/ John G. Tamasitis*
John G. Tamasitis, Esquire
Federal Court Bar No.: 11995
jtamasitis@williamsmullen.com
1230 Main Street, Suite 330
Columbia, SC 29201
(803) 567-4617 (Telephone)

*And*

Maria V. Martin, Esquire *(Of Counsel)*
mmartin@rubinfortunato.com
Peter Nakonechni, Esquire *(Of Counsel)*
pnakonechni@rubinfortunato.com
Rubin, Fortunato & Harbison, P.C.
1200 Liberty Ridge Drive, Suite 220
Wayne, PA 19087
(610) 408-2034/2035 (Telephone)

*Attorneys for Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated*